UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
KAHEEM FREEMAN,

                      Petitioner,                    **MEMORANDUM AND ORDER**

        -against-                                12-mc-431 (RLM)

UNITED STATES OF AMERICA,

                      Respondent.
----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

       Petitioner Kaheem Freeman, proceeding *pro se*, seeks an order to seal or expunge his criminal arrest and conviction record based on his difficulty in finding or sustaining employment. As set forth below, Mr. Freeman has not established a sufficient basis for expungement, and his motion is therefore denied.

## BACKGROUND

       On July 25, 2001, Mr. Freeman pleaded guilty to a one-count misdemeanor information charging him with obstruction of the mails in violation of 18 U.S.C. § 1701. See Calendar Entry (July 25, 2001), United States v. Kaheem Freeman, No. 01-CR-511 (RLM) (hereinafter "Criminal Case"), Electronic Case Filing ("ECF") Docket Entry ("DE") #3. As a result, this Court sentenced Mr. Freeman to twenty-eight months of probation and ordered him to pay restitution in the amount of $6,965.77. See Judgment (Oct. 22, 2001), Criminal Case DE #10.

       In support of his pending expungement motion, Mr. Freemen states -- and the government does not dispute -- that he appeared for all of his court proceedings, completed his

restitution payments, and complied with the conditions of his probation.[1]  See Motion to Expunge Criminal Record (June 28, 2012), DE #1.  Mr. Freeman now asks this Court to seal or expunge his criminal record because, he alleges, it has caused him difficulty in securing and maintaining gainful employment.  See id.

## DISCUSSION

To determine whether expungement or sealing is appropriate, the Court must balance "the government's need to maintain arrest records" against "the harm that the maintenance of arrest records can cause citizens."  United States v. Schnitzer, 567 F.2d 536, 539 (2d Cir. 1977) (citation omitted); In re Farkas, 783 F.Supp. 102, 103 (E.D.N.Y. 1992) ("expunction should not be granted routinely after an acquittal or the dismissal of charges, but should be reserved strictly for extreme cases of government misconduct.").[2]  While the decision to order expungement or sealing of a federal record rests within the equitable discretion of the court, both are remedies that should be granted only in "extreme circumstances."  See Schnitzer, 567 F.2d at 539.  "Examples of extraordinary circumstances that may justify expungement include (1) 'mass arrests' conducted under 'procedures [that] rendered judicial determination of probable cause impossible'; (2) arrests made with 'the sole purpose of . . . harass[ing] civil

---

[1] The Probation Office for the Eastern District of New York has confirmed that Mr. Freeman completed his restitution payments in March 2003.

[2] "Courts analyze motions to seal and expunge criminal records under the same standards." See, e.g., Fernandez v. United States, Nos. 09-MC-326, 98-CR-902, 2009 WL 2227140, at *2 n.2 (E.D.N.Y. July 24, 2009) (citing United States v. Feret, No. 05-mj-00075 (KAM), 2007 WL 2262867 (E.D.N.Y. Aug. 3, 2007); United States v. Robinson, No. CR-04-0580 (VVP), 2007 WL 2077732 (E.D.N.Y. July 18, 2007); Lyp v. United States, No. 06 MISC 361 (CLP), 2007 WL 188689 (E.D.N.Y. Jan. 22, 2007)).

rights workers'; (3) 'police misuse [of] public records to the detriment of the defendant'; and (4) 'arrest[s] . . . based on a statute later declared unconstitutional.'" Fernandez v. United States, Nos. 09-MC-326, 98-CR-902, 2009 WL 2227140, at *1 (E.D.N.Y. July 24, 2009) (quoting Schnitzer, 567 F.2d at 540 (citations omitted)).

Not infrequently, arrest records result in adverse employment decisions. While this Court is sympathetic to Mr. Freeman's difficulties in locating and maintaining employment,[3] courts in the Second Circuit have consistently held that adverse employment effects do not, without more, warrant expungement of an arrest record, even where -- in contrast to this case -- the arrest did not result in a conviction. See Schnitzer, 567 F.2d at 540 (affirming denial of motion to expunge arrest record where the indictment had been dismissed and defendant claimed difficulties in entering rabbinical profession); Fernandez, 2009 WL 2227140, at *1-2 (petitioner was denied expungement of her record despite her claim that it prevented her from obtaining employment); Feret, 2007 WL 2262867, at *2 (denying motion to seal or expunge, where defendant alleged that his employment prospects had been affected by his arrest, even though the criminal complaint had been dismissed); United States v. Daisley, No. 95-M-059 (SMG), 2006 WL 3497855, at *1 (E.D.N.Y. Dec. 5, 2006) (denying motion to expunge an arrest record due to difficulty in securing gainful employment, despite the fact that the case had been dismissed ten years prior); Slansky v. Clerk, U.S. Dist. Court, No. 96 CIV. 2338 (JFK), 1996 WL 312401, at *2 (S.D.N.Y. June 10, 1996) (declining to expunge arrest record where

---

[3] The government correctly notes in its responsive papers that Mr. Freeman has not provided any substantive details about his denied or missed employment opportunities. See Memorandum in Opposition (July 23, 2012) at 1 n.1, DE #3.

3

petitioner alleged he had been fired when his arrest came to light during a background check, even though the complaint was dismissed prior to indictment); In re Farkas, 783 F.Supp. at 104 (expungement of petitioners' twenty-year-old arrest record was denied, despite earlier dismissal of charges and argument that failure to expunge would affect his existing employment).  Moreover, Mr. Freeman has not provided any specific examples or evidence as to why his situation qualifies as an "extreme circumstance."  See Fernandez, 2009 WL 2227140, at *2 (expungement denied in part because petitioner did not cite any examples that would support a finding that her situation was extreme or harsh).  Accordingly, Mr. Freeman's motion for expungement or sealing is denied.

## CONCLUSION

For the reasons set forth above, this Court denies petitioner's motion for expungement or sealing of his criminal record.

The Clerk is directed to enter this Memorandum and Order into the ECF system and to transmit a copy to petitioner via Federal Express.

**SO ORDERED.**

**Dated:** Brooklyn, New York
August 15, 2012

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**